**People of the State of Illinois, Plaintiff-Appellee, v. Jeff Fort, Defendant-Appellant.**

**Gen. No. 52,142.**

First District, Third Division.

January 18, 1968.

Marshall Patner and Alfred R. Lipton, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Barth H. Goldberg, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The defendant was charged with the crime of resisting or obstructing a peace officer (Ill Rev Stats, c 38, § 31–1 (1965)) and after a trial by the court he was found guilty and sentenced to serve thirty days in the House of Correction. He appeals and contends that the testimony of the arresting officer should be disregarded as self-contradictory and that in any event he (the defendant) was justified in defending himself. The facts follow.

On June 24, 1966, Officers Sullivan and Kovacs of the Chicago Police Department were assigned to investigate the theft of a shotgun from 1422 East 67th Street, Chicago. After speaking to the victim, they set out to find Jeff Fort and one Gene Hairston who were allegedly involved in the theft. They found Fort, Hairston and three other youths sitting on a front porch at 1404 East Marquette Road, Chicago. They stopped their car in front of the building and were met by Hairston. They told him that they had a charge against him of involvement in the theft. Officer Sullivan directed the other men on the porch to come downstairs and when they did so, he told them of the nature of the investigation. Sullivan went upstairs, where the five young men had been, and found the stolen shotgun. He came down and informed all five men that they were under arrest. To this, the defendant replied, "Bullshit." That word, slang and vulgar, has a contemptuous and defiant connotation. (See Webster's Third New International Dictionary, unabridged, 1964.) The youths were milling around the officers when the defendant directed that abusive, defiant remark to Officer Sullivan. Officer Kovacs testified that it seemed to him they were trying to take Jeff Fort from custody. Sullivan grabbed the defendant, who pushed and struck him. Kovacs testified that he saw the defendant thrashing and kicking and swinging his arms and that he was subdued by Officer Sullivan only with his aid and the aid of two other officers who had been summoned to the scene.

Defendant argues that the police officer was not justified in grabbing him; that the officer's actions amounted to an unprovoked attack; and that under the circumstances he was privileged to repel the attack. In furtherance of this argument he emphasizes some contradictions in the testimony of Officer Sullivan, particularly as to whether the officer seized the defendant before or after being struck by him. It is not necessary that the exact

sequence of events be conclusively established in order to determine whether the defendant was guilty of resisting arrest. He admits struggling with the police, and we need only determine whether his physical resistance was in response to an unreasonable exercise of force by the officers.

The Criminal Code provides that:

"A peace officer . . . need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes to be necessary to effect the arrest and of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest." (Ill Rev Stats, c 38, § 7–5 (a) (1965).)

The arrest occurred in a tense situation. The officers had located a stolen shotgun and undertook to arrest five young men for the offense, when the defendant responded with his abusive and defiant remark. This unquestionably aggravated the tension and gave the police reasonable cause to believe that force was required to maintain custody of the defendant. Struggling and fighting ensued and four officers were required to restore order.

Arrests frequently are made under hazardous conditions and the peace is best preserved when the citizen submits to arrest without regard to the merits of the case. (See, c 38, § 7–7 Ill Rev Stats, (1965).) Our courts have gone to great length to preserve the individual's right to an impartial trial and trial by combat has long been outlawed.

The defendant was proven guilty beyond a reasonable doubt and the conviction is affirmed.

Judgment affirmed.

DEMPSEY, P. J. and SULLIVAN, J., concur.