THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LESTER JACKSON, Defendant-Appellant.

(No. 53483;

First District—December 7, 1970.

58

George C. Pontikes, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and George Pappas, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant, Lester Jackson, in a bench trial was convicted of the offenses of obstructing a peace officer and disorderly conduct. He was sentenced to one year probation upon condition that he spend the first 20 days in the County Jail. Defendant appeals raising the following issues for review:

1. Whether there is evidence that the defendant obstructed an authorized act of a police officer.

2. Whether defendant was proven guilty of disorderly conduct beyond a reasonable doubt.

3. Whether the condition of the probation that he spend the first 20 days in the County Jail is excessive.

On April 8, 1968, the City of Chicago was experiencing civil disorder which required the presence of Federal troops. At approximately

12:30 A.M. on that date, Officers Karris and McLain, both in uniform, were on duty travelling east on Jackson Boulevard. They observed one Ernest Ross with a silver object in his hand. Upon searching him they found a .25 caliber automatic pistol in his possession. Defendant told the officer that Ross had done nothing wrong and demanded his release. Officer Karris asked the defendant on two occasions to move along, but the defendant refused, repeatedly protesting the arrest of Ross. Officer Karris informed the defendant of his arrest and searched him. Defendant then pushed Karris aside and was subdued by the other officer.

Defendant was indicted for violation of Ill. Rev. Stat. 1967, ch. 38, par. 26—1(a)(i) which provides: "A person commits disorderly conduct when he knowingly: Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of peace;". Defendant was also indicted for violation of Ill. Rev. Stat. 1967, ch. 38, par. 31—1, which provides: "A person who knowingly resists or obstructs the performance of one known to the person to be a peace office of any authorized act within his official capacity shall be fined not to exceed $500.00 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both."

Officer Karris testified that he saw Ernest Ross coming out onto the street with a silver object in his hand which Ross placed in his pocket. Officer McLain searched Ross and found a .25 caliber automatic pistol. Defendant came over and demanded that the officers release Ross. Officer Karris then said to the defendant: "Go on about your way, this doesn't concern you." Defendant refused. The officer again asked defendant to leave, which he refused to do. The officers then placed him under arrest and when Karris attempted to search him, he pushed the officer back and said: "No one is searching me. Keep your hands off." At this time other individuals who were in defendant's house were standing around and watching.

Officer McLain corroborated Karris' testimony and stated additionally that after Karris asked defendant to leave, the defendant refused to leave the scene and stated that the officers were not going to take Ross away. The defendant denied both officers' statements, accused them of brutality, spraying him with Mace and of intoxication.

It was stated in many decisions of reviewing courts that the judgment of the trial court in a non-jury case will not be challenged unless it is against the manifest weight of the evidence presented. We are satisfied that the judgment of the trial court in this case is not subject to such criticism. The defendant after being warned by Officer Karris persisted in his unlawful conduct. He was asked to leave which he refused and in addition he did push the officer when he attempted to search him.

60

■■ We are also mindful of the provisions of the Statute, ch. 38, par. 7—7 which states:

"A person is not authorized to use force to resist an arrest which he knows is being made by a peace officer or by a private person summoned and directed by a peace officer to make the arrest, even if he believes the arrest is unlawful."

We agree with the State's contention that the defendant had no right to push the officer away even if he thought his arrest was unlawful. The public interest in discouraging violence and insisting on the use of peaceable methods of obtaining release from unlawful arrest clearly outweighs the feeling of the individual that the police conduct is unlawful. In *Landry v. Daley* (1968), 280 F.Supp. 938, the court said at page 960:

"The instant statute, [which is involved in the instant case] however, does not contain such overreaching language. While admittedly, like any statute, it may be misapplied, its sanctions apply only to knowing physical resistance or obstruction of a valid act of a peace officer. These sanctions, therefore, do not ultimately depend on the subjective views of those charged with its enforcement. Consequently, we conclude that it is neither vague nor overbroad."

■■ The sentence imposed upon the defendant is within the maximum of one year imprisonment provision of the Statute. In *People v. Smith* (1958), 14 Ill.2d 95, 97, 150 N.E.2d 815, the court said:

"Where it is contended that the punishment imposed in a particular case is excessive, though within the limits prescribed by the legislature, this court should not disturb the sentence unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose, or that the penalty is manifestly in excess of the proscription of section 2 of article II of the Illinois Constitution which requires that all penalties shall be apportioned to the nature of the offense."

We agree with the State's position that the trial court has a greater opportunity to make a sound determination concerning the punishment to be imposed than does a reviewing court. He is invested with judicial discretion within the limits of punishment fixed by law.

The judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and MURPHY, J., concur.