THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES R. CARROLL, Defendant-Appellant.

(No. 55039;

First District—May 6, 1971.

John E. McKeigue, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Daniel J. Pierce, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

On the evening of March 8, 1969, Officer Patrick Poston of the Bridgeview Police Department apprehended a motorist for a traffic violation. Neighborhood residents were attracted to the scene and soon a crowd of approximately forty persons gathered. The defendant, Charles Carroll, age 15, and his mother were in the crowd. Carroll knew the occupants of the car and Poston observed him escorting one of them, a fourteen-year-old girl, away from the scene. Poston told them both to remain, as he wished to question the girl.

Poston called for assistance and Sergeant Hanson Perkins was one of the policemen who responded. He conferred with Poston and then ordered the crowd to disperse. No one moved. After the command was repeated twice, Carroll moved back a few steps. Perkins testified that Carroll appeared to snicker. Perkins then asked him "to take off." Carroll, confronted with conflicting orders, did not move. A brief verbal exchange took place between them with Carroll telling Perkins, "I don't have to go anywhere." Perkins warned him that he would be placed under arrest if he did not leave. Carroll then jumped across a ditch which placed him at a greater distance from the crowd. Perkins also jumped the ditch, and when the boy mumbled something under his breath, Perkins told him he was under arrest and to get in the police car. Carroll then ran into his home which was nearby. Perkins pursued him, more officers followed, and he was taken into custody in his house.

Carroll was charged and convicted of violating par. 31—1, ch. 38, Ill. Rev. Stat., 1967, which makes it an offense to resist or obstruct "the performance by one known to the person to be a peace officer of any authorized act within his official capacity * * *." The defendant contends that he did not resist any "authorized act" of the police officer.

■■ A police officer may arrest a person when he has reasonable grounds to believe that the person has committed a criminal offense. (Ill. Rev. Stat., 1967, ch. 38, par. 107—2.) The test whether the officer had reasonable grounds for his belief is whether a reasonable and prudent man having the knowledge which the officer had would believe the person arrested guilty of the offense. (*People v. Asey* (1967), 85 Ill.App. 2d 210, 229 N.E.2d 368.) We must conclude from Perkins' own testimony that there was no probable cause for arresting Carroll. Perkins testified

that Carroll had violated no law, federal, state or municipal. When asked the reason for his arrest, Perkins replied:

"The boy was told if he wouldn't move back that he would be placed under arrest, at which time he jumped across the ditch, muffled something under his breath again, and I said, that's it, you are under arrest * * *."

Carroll was not placed under arrest because he had committed a criminal offense. He was not arrested because he disobeyed the order to move back; in fact, by jumping across the ditch he was complying with this order. He was arrested, according to the arresting officer himself, because he "muffled something under his breath." Muttering to oneself is not a crime. While Perkins may have been displeased at Carroll's display of hostility, he had no reasonable ground for arresting him.

■■■ Nonetheless, the lack of probable cause for the arrest does not exonerate Carroll from resisting it. Section 31—1 prohibits a person from knowingly resisting a police officer from performing an authorized act. "Authorized" means "endowed with authority." (*People v. Young* (1968), 100 Ill.App.2d 20, 241 N.E.2d 587.) "Resisting" was defined in *Landry v. Daley* (N.D.Ill. 1968), 280 F.Supp. 938, as "withstanding the force or effect of or the exertion of oneself to counteract or defeat." In speaking of "resisting" and "obstructing" the court stated:

"These terms are alike in that they imply some physical act or exertion. Given a reasonable and natural construction, these terms * * * proscribe only some physical act which imposes an obstacle which may impede, hinder, interrupt, prevent or delay the performance of the officer's duties * * *." See also *People v. Raby* (1968), 40 Ill.2d 392, 240 N.E.2d 595.

Carroll's running away was a physical act which impeded and delayed his arrest; it was also a forcible act of resistance. A person may not use force to resist an arrest by one whom he knows to be an officer of the law, even if the arrest is unlawful. Ill. Rev. Stat., 1967, ch. 38, par. 7—7.

A police officer may not make an arrest unless he believes that probable cause exists justifying the arrest. Whether there is probable cause is initially a question for the arresting officer. Ultimately, however, it is a question for the courts. If a court finds that there was no probable cause, the accused will be acquitted of the charge and evidence acquired as a result of the arrest will be suppressed. Since a police officer must make the initial determination, and since his office gives him the authority to make an arrest, an accused may not physically resist the arrest. He may inquire as to its reason; he may point out the officer's mistake; he may protest and argue; but he may not impede the arrest by physical

action. The public interest in discouraging violence and in insisting on the use of peaceable methods of obtaining release from unlawful custody outweighs the outrage felt by the individual who is subjected to unlawful police conduct. Committee Comments, S.H.A., ch. 38, sec. 7—7; *cf. People v. Fort* (1968), 91 Ill.App.2d 212, 234 N.E.2d 384. The invalidity of an arrest does not justify physical or forcible resistance under either par. 31—1 or 7—7. But *cf. People v. Royer* (1968), 101 Ill.App.2d 44, 242 N.E.2d 288.

The related character of sections 31—1 and 7—7 was discussed in *Landry v. Daley, supra*. The court noted that in spite of the fact that section 31—1 does not proscribe resisting or obstructing an unauthorized act of a police officer, a private citizen who forcibly resists arrest, even though the arrest is itself unlawful, violates section 7—7. Thus, in *People v. Young, supra*, this court recognized a distinction between the right of a citizen to resist an attempt by a police officer to serve him with a search warrant intended for another individual, and the absence of any right to forcibly resist a police officer when being placed under arrest.

Carroll was charged with resisting arrest by running into his home and threatening Perkins with a butcher knife. He was acquitted of aggravated assault, aggravated battery, obstructing a police officer and disorderly conduct—charges arising from the events which took place in his home after Perkins and some other officers pursued him there. The dismissal of these charges does not necessarily indicate that he peaceably yielded to arrest when he reached his house. But even if he did not threaten Perkins with a knife, his running into his home after being arrested was an act of resistance which justified his conviction.

■■ The controlling factual question is whether he was placed under arrest before or after he ran. Carroll testified that he walked slowly from the scene because he wanted to see if his mother was coming; that he ran because Perkins, who had called him "fat boy" and more vulgar names, had his hand on his hip when he jumped the ditch and Carroll was afraid he was going to pull his gun. Although he did not deny hearing Perkins say that he was under arrest, the purport of his testimony and that of his witnesses was that he was not arrested until he had been chased into his home, at which time he submitted without resistance. However, Perkins testified that Carroll ran after being told he was under arrest and instructed to enter a police car. The officer was compelled to pursue him to effectuate the arrest.

The resolution of conflicting testimony is for the determination of the trier of fact. Only when the evidence creates a reasonable doubt of guilt will the decision of the trial court be disturbed. *People v. Hoffman*

82

(1970), 45 Ill.2d 221, 258 N.E.2d 326; *People v. Strong* (1970), 120 Ill. App.2d 52, 256 N.E.2d 76.

The trial court found that Perkins arrested Carroll and that Carroll resisted the arrest as charged in the complaint. The finding was supported by the evidence and the judgment is affirmed.

Judgment affirmed.

McNAMARA, P. J., and McGLOON, J., concur.