THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELINDA LEACH, Defendant-Appellant.

(No. 54922;

First District—January 25, 1972.

390

Schiff, Hardin, Waite, Dorschel & Britton, of Chicago, (Roger P. Pascal and Allan M. Wiseman, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago (Robert A. Novelle and Themis N. Karnezis, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE LEIGHTON delivered the opinion of the court:

In two separate complaints, Melinda Leach was charged with mob action and with resisting or obstructing a peace officer.[1] She was tried by a jury that returned verdicts finding her guilty of both charges. The court sentenced her to serve 30 days and pay a fine of $500 for the charge of resisting or obstructing a peace officer; 30 days and a fine of $250 for the charge of mob action, both imprisonment sentences to run concurrently.

Defendant appeals. She presents eight issues which concern the ade-

---

[1] Ill. Rev. Stat., 1969, ch. 38, par. 25—1(a) (1)
Par. 25—1. Mob Action
(a) Mob action consists of any of the following:
(1) The use of force or violence disturbing the public peace by 2 or more persons acting together and without authority of law; or
\* \* \*
Ill. Rev. Stat., 1969, ch. 38, par. 31—1
Par. 31—1. Resisting or Obstructing a Peace Officer.
A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both.

quacy of the charges, the propriety of the instructions, the correctness of rulings pertaining to cross-examination of witnesses and the conformity of both prosecutions to guarantees under State and Federal constitutions. These issues have been well briefed by able counsel on both sides of this controversy. The oral arguments were helpful to the court and ably presented. Indeed, the oral presentation of counsel for both parties was so impressive that at its conclusion our distinguished and most experienced colleague, Mr. Justice Schwartz, complimented the lawyers in the case.

We have concluded, however, that despite the able manner with which they have been pressed in briefs and oral arguments, we will not resolve all the issues presented. In our judgment, resolution of two of them (preserved for our review by appropriate motions) will decide this appeal. They are issues which question the adequacy of the two complaints to support the convictions. These issues raise only legal questions. Therefore, it is unnecessary to recite the facts which gave rise to the prosecutions.

## I.
### The Mob Action Complaint.

The complaint which purported to charge defendant with mob action alleged that,

"Melinda S. Leach has, on or about 11 Oct. 69 at Madison & La Salle Sts. Chicago, Cook County, Illinois, committed the offense of Mob Action in that he without authority of law and acting together with others did by the use of force and violence disturb the public peace, in violation of Chapter 38, Section 25—1 (a) (1), Illinois Revised Statutes * * *." (sic.)

As to this charge, the issue is whether the complaint stated an offense when there was no allegation that defendant acted with intent, knowledge, recklessness or negligence.

■■■ A cursory examination of this complaint discloses that it does not allege a mental state; that is, defendant is not charged with having acted with intent, knowledge, recklessness or negligence. The mob action statute does not in express terms require a mental state. (See Ill. Rev. Stat. 1969, ch. 38, par. 25—1.) Our law, however, provides that a person is not guilty of an offense, other than an offense which involves absolute liability, unless, with respect to each element described by the statute defining the offense, he acts while having· one of the mental states described in our criminal code; that is, intent, knowledge, recklessness or negligence. (See Ill. Rev. Stat. 1969, ch. 38, pars. 4—3, 4—4, 4—5, 4—6, 4—7.) Our law also provides that a person may be guilty of an

offense without having, as to each element, one of these mental states, "[i]f the offense is a misdemeanor which is not punishable by incarceration or a fine exceeding $500, or the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described." (Ill. Rev. Stat. 1969, ch. 38, par. 4—9.) Mob action, the crime which the complaint sought to charge, is punishable by incarceration. The mob action statute contains no indication, clear or otherwise, of a legislative purpose to make it an absolute liability crime. From this it follows that "[a] person cannot be guilty of the conduct proscribed by the Mob Action statute unless he intentionally, knowingly, or recklessly engages in such conduct." (*Landry v. Daley* (N.D. Ill., E.D., 1968), 280 F.Supp. 938, 957.) Therefore, one of the mental states defined in our criminal code: intent, knowledge, recklessness or negligence is an essential element of mob action, the crime with which defendant was charged. The complaint, as we have pointed out, does not allege this element.

■■ It is a general rule of criminal pleading that a complaint, information or indictment which does not set forth the nature and elements of the crime sought to be charged fails to state an offense and is subject to dismissal. (*People v. Billingsley,* 67 Ill.App.2d 292, 299, 213 N.E.2d 765.) A charge which fails to state an offense does not give a defendant notice of why he is being tried; it will not support a judgment and prosecution by it will deny due process. (*People v. Heard,* 47 Ill.2d 501, 266 N.E.2d 340; compare *People v. Abrams,* 48 Ill.2d 446, 271 N.E.2d 37.) By these authorities, then, a complaint, like the one before us, which does not set forth all of the essential elements of the crime charged, fails to state an offense. It is fatally defective and cannot support a conviction. (*People v. Billingsley, supra.*) Where a conviction rests on such a complaint, we will reverse without remand. *People v. Tucker,* (Ill.App.3rd), 268 N.E.2d 191.

II.
The Resisting or Obstructing Complaint

The complaint which purported to charge defendant with resisting or obstructing a peace officer, alleged that,

"MALINDA LEACH has, on or about October 11, 1969 at Madison & La Salle, Chicago, Cook County, Illinois, committed the offense of Resisting or Obstructing a peace officer in that she knowingly obstructed the performance of ROBERT GALLOWAY known to her to be a peace officer of CHICAGO POLICE DEPARTMENT while said officer was acting within his official capacity, in violation of Chapter 38, Section 31—1, Illinois Revised Statutes  *  *  * " [sic]

As to this charge, the issue is whether the complaint adequately advised defendant of the crime with which she was charged when it did not allege that the officer was performing "any authorized act" and the complaint did not allege the physical act or acts she committed which resisted or obstructed the peace officer.

Again, employing a cursory examination, it appears that this complaint contains no allegation that the named peace officer was performing "any authorized act." In arguing this issue, defendant insists that absence of this allegation from the complaint is a fatal defect.

■■ Section 31—1 of the criminal code under which defendant was charged with resisting or obstructing a peace officer, has, as one of its elements, the requirement that the peace officer be engaged in "[a]ny authorized act within his official authority  *  *  *." (*People v. Myers,* 94 Ill.App.2d 340, 348—349, 236 N.E.2d 786.) In a prosecution for violation of this section, where the charge is resisting, one of the issues is whether the defendant resisted an "authorized" act of the peace officer. (*People v. Young,* 100 Ill.App.2d 20, 23, 241 N.E.2d 587; and see *People v. Royer,* 101 Ill.App.2d 44, 242 N.E.2d 288.) Since performance by a peace officer of an authorized act within his official authority is an element of the crime, failure of the complaint to set forth this element subjects it to dismissal under the provisions of section 114—1(a) (8) of the criminal code. Ill. Rev. Stat. 1969, ch. 38, par. 114—1(a) (8); see *People v. Billingsley, supra.*

■■ In addition, this complaint does not contain any allegation describing what physical act of the defendant resisted or obstructed the peace officer. It cannot escape notice that the statute which proscribes the resisting or obstructing of a peace officer does not particularize the offense nor does it describe the acts which constitute the crime. Generally, it is adequate for a complaint, information or indictment to allege an offense in the language of the statute when the statutory language so particularizes the offense that it sufficiently informs the defendant of the precise crime with which he is charged. (*People v. Sims,* 393 Ill. 238, 241, 66 N.E.2d 86; *People v. Grieco,* 44 Ill.2d 407, 255 N.E.2d 897.) It is a corollary of this rule, however, that when a statute does not describe the acts which constitute the crime, or where, by its generality, it may embrace conduct which the statute does not intend to punish, a charge solely in the language of the statute is not sufficient. *People v. Peters,* 10 Ill.2d 577, 580—581, 141 N.E.2d 9; *People v. Green,* 368 Ill. 242, 252— 253, 13 N.E.2d 278.

As to a complaint purporting to charge the resisting or obstructing of a peace officer, and involving the statute in this case, the precise

question which defendant raises has never been decided in this state.[2] In *People v. Raby*, 40 Ill.2d 392, 240 N.E.2d 595, although defendant attacked both the constitutionality of the statute and the adequacy of the complaint, he did not urge the issue which is presented in this appeal. This is understandable because *Raby* was not a case in which the complaint failed to allege the physical act that resisted or obstructed the officer. The defendant in *Raby* was charged with having "committed the offense of Resisting or Obstructing a Peace Officer in that he * * * resisted a police officer in the performance of his duty by: When placed under arrest by said officer, he refused to voluntarily accompany arresting officer and had to be physically carried away." The Supreme Court held that the statute was constitutional and that the complaint adequately charged the offense. See *Landry v. Daley* (N.D. Ill., E.D. 1968), 280 F.Supp. 938, 959.

■■ Guided by principles we deem controlling, it is our judgment that Ill. Rev. Stat. 1969, ch. 38, par. 31—1 which proscribes the resisting or obstructing of a peace officer, does not particularize the offense nor does it describe the acts which constitute the crime. Therefore, a complaint, such as the one in this case, which contains a charge solely in the language of the statute is not sufficient. It does not give the defendant notice of the crime; and it will not support a judgment of conviction. (*People v. Minto*, 318 Ill. 293, 149 N.E. 241; *People v. Tucker*, *supra*.) For these reasons, the judgments are reversed.

Judgments reversed.

STAMOS, P. J., and SCHWARTZ, J., concur.

---

[2] In the following cases, either the constitutionality or the applicability of Ill. Rev. Stat. 1969, ch. 38, par. 31—1 was involved. In none, however, was the issue in this case either presented or decided. *People v. Crockett*, 41 Ill.2d 226, 242 N.E.2d 235; *City of Chicago v. Fort*, 46 Ill.2d 12, 262 N.E.2d 473; *People v. Sullivan*, 46 Ill.2d 399, 263 N.E.2d 38; *City of Rockford v.Grayned*, 46 Ill.2d 492, 263 N.E.2d 866; *People v. Jackson*, (Ill.App.3d), 266 N.E.2d 475; *People v. Flannigan*, (Ill.App.3d), 267 N.E.2d 739; *People v. DeKosta*, (Ill.App.3d), 270 N.E.2d 475; *People v. Jackson*, (Ill.App.3d), 271 N.E.2d 673; *City of Chicago v. Otten*, (Ill.App.3d), 272 N.E.2d 844; *People v. Carroll*, (Ill.App.3d), 272 N.E.2d 822.