THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANN GNATZ *et al.,* Defendants-Appellants.

(No. 56675;

First District—October 2, 1972.

*Rehearing denied December 5, 1972.*

Robert B. Rosen and R. Eugene Pincham, both of Chicago, for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Elmer C. Kissane and Mark T. Zubor, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

Defendants, Ann Gnatz and William Gnatz, husband and wife, were jointly indicted for aggravated battery upon a person known to them to be a peace officer engaged in execution of his official duties. (Ill. Rev. Stat. 1965, ch. 38, par. 12—4(b)(5).) After a bench trial, both were found guilty of the included offense of battery. (Ill. Rev. Stat. 1965, ch. 38, par. 12—3.) Although the common-law record as presented to us reflects judgments of guilt of aggravated battery, it is agreed by the parties that the defendants were adjudged guilty of battery as clearly reflected by the report of proceedings.

Ann Gnatz was admitted to probation for one year. William Gnatz was granted probation for five years on condition that the first 30 days be served in the House of Correction. On joint appeal to this court, defendants contend: (1) the evidence failed to prove them guilty beyond

reasonable doubt; (2) they acted with legal justification; and (3) the sentences were excessive. A summary of the facts is required.

The prosecution evidence shows in substance that on June 24, 1967, a group of Chicago police officers entered an apartment building in Chicago for the purpose of executing a search warrant. When they came to the designated apartment they found the door open and a party in progress with some 40 to 50 people in attendance. A number of the police officers entered and mingled with the guests. Their testimony is that then one of them, who had remained in the living room, announced that he was a police officer with a warrant and that everybody was under arrest. A number of the guests left the apartment and ran to another one on the same floor. Some of them were pursued and brought back by Andrew Alinovich, one of the officers who was dressed in plain clothes.

The prosecution testimony further shows that when Alinovich returned to the original apartment there were about 15 persons left. Police were in the process of removing them to patrol wagons. The testimony also is that Alinovich told Ann Gnatz that she was under arrest and that she and her husband both refused to submit. The officer attempted to, or actually did, seize William Gnatz by the hand. Gnatz then struck Alinovich and a minor melee commenced. The wife pulled the officer's hair, scratched and struck him. While she was on the ground being handcuffed, the husband kicked the officer in the face. He, too, was subdued and the arrest was completed.

Defendants both testified in their own behalf. In substance, they heard no announcement of the presence of police and saw no uniformed police officers. William Gnatz asked one of the plainclothes officers for his identification. The policeman showed him a blackjack and told him in language laced with obscenities that nothing further was required. Ann Gnatz politely remonstrated with the officer. Without provocation, Alinovich struck Ann Gnatz to the floor. When her husband attempted to assist her, he was forcibly pulled backwards and physically subdued. Both defendants denied that they had struck the officers and William Gnatz denied specifically that he had kicked Alinovich.

■■ Recital of this diverse testimony is sufficient to show that the evidence here is completely conflicting. If testimony of the prosecution were true, defendants were guilty of aggravated battery and also of battery. If the defense testimony were true, defendants were the innocent victims of unprovoked misconduct. Under circumstances of this nature, it was the function of the trial judge to determine the credibility of each of the witnesses and the weight to be accorded their respective testimony. We cannot say that the prosecution evidence is so unreasonable or improbable as to raise a reasonable doubt of guilt. Consequently, the finding

of guilty of battery, included within the greater offense of aggravated battery, must be affirmed. *People v. Catlett,* 48 Ill.2d 56, 64, 268.N.E.2d 378; *People v. Lawrence,* 126 Ill.App.2d 202, 206, 261 N.E.2d 459.

We note that there seems to have been general knowledge among the guests that police were present conducting a raid and making arrests. Most people in the apartment, with the exception of the defendants, were peacefully taken into custody. Defense witnesses, other than defendants, agreed that they knew that a police raid was in progress. Defendant William Gnatz admitted that he knew that it was a raid, or said to be a raid, and that he saw the apartment being searched. The findings of guilty of battery as to both defendants are supported by the evidence beyond reasonable doubt.

Defendants urge alternatively that they were justified in their conduct. Defendants cite and depend upon *People v. Abrams,* 48 Ill.2d 446, 271 N.E.2d 37. That decision does not aid them. It involved, primarily, entry of police without a warrant and also sufficiency of a complaint. The theory of defendants is that the court did not find them guilty of aggravated battery which, in effect, was a finding that they did not know the identity and office of Officer Alinovich. We cannot agree.

■■ In our opinion, this contention of defendants is covered by the section of the Criminal Code which prohibits use by a citizen of force to resist an arrest which he knows is being made by a peace officer "* * * even if he believes that the arrest is unlawful and the arrest in fact is unlawful." (Ill. Rev. Stat. 1971, ch. 38, par. 7—7.) As above pointed out, the evidence is sufficient to prove that defendants both knew that they were being placed under arrest by a peace officer. The trial court made no finding to the contrary. When the court found both defendants guilty of battery, it found them guilty of all elements of that offense including the ultimate fact that they acted "without legal justification." (Ill. Rev. Stat. 1971, ch. 38, par. 12—3.) Battery is a lesser included offense within the definition of aggravated battery. Compare *People v. Thomas,* 1 Ill.App.3d 139, 142, 275 N.E.2d 253, involving aggravated battery and reckless conduct.

■■ It was unlawful for defendants to use any force to resist arrest even if such arrests were unlawful. It was their clear duty as citizens to submit peacefully. This conclusion appears amply from the language of the statute as well as from the opinion rendered by the Appellate Court for the Third District in *People v. Shinn,* 5 Ill.App.3d 468, 471-472. That decision was filed after the briefs had been filed in the case at bar. It depends upon and follows *People v. Carroll,* 133 Ill.App.2d 78, 272 N.E.2d 822. In *Carroll,* filed May 6, 1971, this court held that invalidity of an arrest does not justify physical or forcible resistance by any citizen.

Also, *People v. Young,* 100 Ill.App.2d 20, 241 N.E.2d 587, cited and heavily relied upon by defendants, is inapplicable. It holds that no battery was committed by a citizen in defending her dwelling against invasion by a police officer who was illegally executing a search warrant directed against a different person at a different address. See Ill. Rev. Stat. 1971, ch. 38, par. 7—2.

The remaining contention is that the "sentences" were excessive. Actually, probation itself is not a sentence but "it is rather the extension of clemency and abstention from the imposition of sentence upon certain conditions." (*People v. Lee,* 5 Ill.App.3d 421, 425, 283 N.E.2d 740.) The legal principles pertinent to this contention have been frequently stated by our reviewing courts. Compare *People v. Fox,* 48 Ill.2d 239, 251, 269 N.E.2d 720, and *People v. Holmes,* 127 Ill.App.2d 209, 214, 262 N.E.2d 45, which reflect one theory, to *People v. Livingston,* 117 Ill.App.2d 189, 193, 254 N.E.2d 64 and *People v. Lillie,* 79 Ill.App.2d 174, 178, 223 N.E.2d 716, which epitomize the other point of view. Note also *People v. Lampley,* 1 Ill.App.3d 282, 274 N.E.2d 171, including the dissenting opinion. The problem is determination of the category into which the case at bar should be classified.

■■ Both defendants here were treated by the court with the utmost of fairness. The court would have been completely justified in finding both of them guilty of aggravated battery but found them guilty only of battery. Defendant Ann Gnatz is a person without previous criminal record. The only question raised concerning William Gnatz is that he was found guilty of disorderly conduct in 1965 under circumstances not disclosed by this record. Both of them are persons of mature age and judgment. Both should have known better than to act as they did. Their conduct was anti-social and replete with bravado. The only semblance of justification which may be offered for them is that they were victimized by and yielded to current public propaganda which would attempt to replace respect with contempt and to classify all police officers as being inept, corrupt and brutal. In the case of Ann Gnatz, we find that the action of the court in admitting her to probation for one year was a wise disposition. We trust that this type of conduct will never be repeated by her.

■■ Courts have traditionally attempted to avoid discrimination in sentencing. Disparate punishment has been repeatedly justified for many reasons such as domination by one defendant or differences in criminal record. (See *People v. Morris,* 43 Ill.2d 124, 131, 251 N.E.2d 202, and *People v. Slicker,* 42 Ill.2d 307, 308-309, 247 N.E.2d 407.) Conversely, in the case at bar, we find no reason for disparate treatment of these defendants. We are constrained to believe that the culpability of William Gnatz was no greater than that of his wife. There would seem

no basis for different treatment of these defendants. We cannot agree that a previous conviction for disorderly conduct is on its face sufficient to warrant this result. William Gnatz is a highly educated person and teaches American history at college level. He certainly should realize that his conduct was contrary to his duties as a citizen and was a complete violation of the law. We do not believe, however, that service of 30 days in the House of Correction should be a necessary condition to admitting him to probation. The probation granted William Gnatz is modified to eliminate imprisonment as a condition thereof and his term of probation is reduced to one year in conformity with that of his wife.

As to Ann Gnatz, the judgment appealed from is affirmed. As to William Gnatz, the judgment is affirmed as thus modified.

Judgment affirmed as to Ann Gnatz; judgment affirmed as modified as to William Gnatz.

BURKE and LYONS, JJ., concur.