THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS A. NEUMANN, Defendant-Appellant.

(No. 59157;

First District (5th Division)—February 22, 1974.

*Opinion on rehearing filed June 7, 1974.*

Thomas J. Boodell, Jr., and Lawrence M. Gavin, both of Boodell, Sears, Sugrue, Giambalvo & Crowley, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Linda West Conley, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court on rehearing:

After a bench trial, the defendant was found guilty of performing an act of public indecency in violation of section 11—9 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 11—9) and fined $50.

On appeal, the defendant alleges (1) that the complaint was legally insufficient; (2) that he was not proven guilty beyond a reasonable doubt; and (3) that section 11—9(a)(3) of the Criminal Code does not prohibit the conduct with which he was charged.

In his challenge to the legal sufficiency of the complaint, defendant argues that it failed (1) to allege a crime; and (2) to inform him of the nature and cause of the offense brought against him. He contends that, although the complaint purports to charge the offense of public indecency under section 11—9(a)(3) of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, par. 11—9(a)(3)), it was insufficient because it failed to include material elements of the offense.

The complaint alleged:

"* * * Thomas A. Neumann has, on or about 3 Nov. 71 at 151 North Michigan Ave. committed the offense of PUBLIC INDECENCY in that he being 17 yrs. old; to wit; 38 yrs. of age; did perform an act of public indecency; masturbation; in a public place; namely the men's washroom located in the I. C. Train Station; in an attempt to arouse the sexual desires of himself in violation of Chapter 38, Section 11—9, Illinois Revised Statute * * *."

The crime of public indecency is defined in section 11—9 of the Criminal Code which, in pertinent part, provides:

"(a) Any person of the age of 17 years and upwards who performs any of the following acts in a public place commits a public indecency:

(3) A lewd exposure of the body done with intent to arouse or to satisfy the sexual desire of the person; * * *."

Defendant asserts that under subsection (a)(3) of sec. 11—9, the essential elements which must be charged are (1) a lewd exposure; (2) an intent to arouse or satisfy sexual desire; and (3) conduct occurring in a public place. He maintains that, although the complaint charges masturbation, it says nothing about a lewd exposure and that it contains no charge of intent to arouse or satisfy his sexual desires and, because of

these inadequacies, he was not charged with the offense of public indecency.

The State argues that the complaint charges masturbation, which is a type of lewd exposure; that intent was adequately alleged; and, in any event, the complaint sufficiently apprised defendant of the offense charged to enable him to prepare his defense and to plead any judgment rendered as a bar to subsequent prosecution. It refers us to *People v. Mikota*, 1 Ill.App.3d 114, 273 N.E.2d 618, in support of this contention. We note, however, that in *Mikota*, the complaint charged every element of the offense, and the issue there concerned whether the complaint adequately informed defendant of the nature of the offense charged.

■■ It is a fundamental rule of criminal pleading that a complaint which does not set forth the nature and elements of the crime sought to be charged fails to state an offense and is subject to dismissal. (*People v. Billingsley*, 67 Ill.App.2d 292, 213 N.E.2d 765.) See also, *People v. Leach*, 3 Ill.App.3d 389, 279 N.E.2d 450, where it was held that a complaint which does not set forth all of the essential elements of the crime charged fails to state an offense and cannot support a conviction.

In *People v. Stewart*, 3 Ill.App.3d 699, 279 N.E.2d 53, it was held that an indictment simply charging that the accused obtained control over property of another intending to deprive him permanently of its use or benefit, did not charge the crime of theft and was fatally defective because it failed to allege that control was obtained by unauthorized means, by deception or by threat. The court further held that where the conduct alleged in an indictment may in itself be wholly innocent, it is essential that the unlawfulness be averred either by express allegation or by the use of terms which clearly imply such unlawfulness.

■■ Defendant makes the point that masturbation of itself does not necessarily involve a lewd exposure. We agree and are of the opinion that, under the *Stewart* standard, the complaint here, which did not allege a lewd exposure of the body, failed to allege an essential element of the crime of public indecency. Where a conviction rests on such a complaint, we will reverse without remand. *People v. Leach, supra.*

In view of this holding, it will not be necessary that we discuss the remaining contentions of defendant.

For the reasons stated, the judgment is reversed.

Judgment reversed.

DRUCKER and LORENZ, JJ., concur.