THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* EDWARD DEAN GILMAN, Defendant-Appellee.

(No. 12154; ▮▮▮▮▮)

Fourth District—March 7, 1974.

Basil G. Greanias, State's Attorney, of Decatur (Scott B. Diamond, Assistant State's Attorney, of counsel), for the People.

John F. McNichols, Deputy Defender, and Bruce L. Herr, Legal Director, Office of the State Appellate Defender, of Springfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

On August 4, 1972, defendant, Edward Dean Gilman, was charged by a criminal complaint with violating Ill. Rev. Stat. 1971, ch. 38, sec. 31—1, which states that a person commits the offense of resisting or obstructing a peace officer when he "knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity * * *." At the conclusion of the State's evidence the trial court on November 20, 1972 granted defendant's oral motion to dismiss the complaint for failure to charge an offense in that the complaint did not state that the arresting officers were performing an "authorized act within their official capacity." This is an appeal by the State pursuant to Supreme Court Rule 604(a) from the trial court's dismissal of that complaint.

Count 2 of the complaint contained the following language:

> "* * * [defendant] committed the offense of Resisting Arrest, in violation of Chapter 38, Section 31—1, Ill. Rev. Stat., 1971, in that he resisted the efforts of one known by him to be a police officer, to-wit: Officer C. Boland of the City of Decatur Police Department and Officer P. Moore of the City of Decatur Police Department when they attempted to put him under arrest, in that he fought with them and wrestle [sic wrestled] with them and tried to get away from then [sic them] and had to be subdued by them."

The sole issue on this appeal is whether this complaint sufficiently stated the offense charged.

Defendant contends that by not asserting in the complaint that the arresting officers were performing "an authorized act within their official capacity," the State failed to allege an essential element of the offense, and the trial court correctly dismissed the complaint. This argument evolves around defendant's interpretation of Ill. Rev. Stat. 1971, ch. 38, sec. 7—7 which states:

> "(a) A person is not authorized to use force to resist an arrest which he knows is being made either by a peace officer or by a private person summoned and directed by a peace officer to make the arrest, even if he believes that the arrest is unlawful and the arrest in fact is unlawful."

Defendant contends that since section 7—7 contains no criminal sanctions for resisting an illegal arrest, it cannot be used to nullify a defense under section 31—1 where criminal sanctions are involved and where resistance is not prescribed for an unauthorized act, such as an illegal arrest. Section 7—7 is then, only a limitation on the right to invoke the affirmative defense of justification provided in the other provisions of article 7. Therefore, defendant reasons that in a prosecution for resisting arrest one may raise as a defense the fact that the arrest is illegal, and allegations of the performance by the arresting officers of an "authorized act within their official capacity" must be contained in the complaint. Defendant cites *People v. Royer*, 101 Ill.App.2d 44, 242 N.E.2d 288, a Fifth District case, to support his position. We find the reasoning in *People v. Shinn*, 5 Ill.App.3d 468, 283 N.E.2d 502 (3rd Dist.) to be more persuasive. In *Shinn* the court held that sections 7—7 and 31—1 should be construed together. Therefore, the court stated that authorized means endowed with authority, and that "a peace officer is endowed with authority to make an arrest and that his act of arrest is authorized to the extent that a person may not use force to resist or obstruct the arrest, even though it may in fact be an unlawful arrest." (5 Ill.App.3d at 472.) The court further stated that the act of arrest is by its very nature "within an officer's official capacity." The *Shinn* court relied substantially on the committee comments to section 7—7 and 31—1. The comments to the latter state that "Section 31—1 broadens the offense to include resistance or obstruction to any authorized act of a peace officer * * * known to be such. Note that the offense covers only resistance or obstruction to 'authorized acts' of the officer. *However, if the act resisted or obstructed is the making of an arrest, a private person is not authorized to resist such arrest with force even though he knows the arrest is unlawful.* (§ 7—7)" (Emphasis added.) The comments to section 7—7 state that that provision "is a deterrent to the resort to force by [a person being arrested] * * * upon his own conclusion that the arrest is unlawful, in preference to the use of methods provided by law for obtaining his release and redress for the unlawful arrest * * *. The public interest in discouraging violence and insisting upon the use of peaceable methods of obtaining release from unlawful arrest clearly outweighs the recognition of the feeling of the individual."

■■ Most basically, by allowing allegations of an illegal arrest to be a defense in a section 31—1 action would, indeed, have an adverse effect on the public tranquility by encouraging violence and failing to provide adequate protection for the law enforcement officials of our State. The provisions of section 33—1, when read with the provisions of section 7—7 do not, in our view, grant to any individual, during the course of an

arrest by one known to him to be a police officer, the right to make an on the spot judgment as to whether or not the arrest is authorized, and to engage in physical resistance if he concludes that the arrest is not authorized. The statute expressly prohibits such conduct. Furthermore, the reference to section 7—7 in the committe comments to section 31—1 clearly indicates that those sections should be construed together, and that a person may never use force to resist arrest even if the arrest is unlawful. Also see *People v. Carroll,* 133 Ill.App.2d 78, 272 N.E.2d 822 (1st Dist.); and *People v. Jackson,* 131 Ill.App.2d 57, 266 N.E.2d 475 (1st Dist.).

■■■ The defendant in the instant case was informed of the correct statutory provision under which he was being prosecuted. Most importantly, he was informed of the nature and basic elements of the offense in that the complaint alleged that an arrest was made, that defendant knew the arresting individuals to be police officers, and that specific described acts of resistance were performed. Since an officer is endowed with authority to make an arrest, the arrest is authorized at least to the extent that one may not use force to resist regardless of the legality or illegality of that arrest. Furthermore, the act of arrest is by its very nature within the officers' official capacity. Therefore, the allegation in a section 31—1 complaint that the arresting officer is performing 'an authorized act within his official capacity' is unnecessary when the complaint states, as in the instant case, that an arrest has been made by persons known to defendant to be police officers.

For the reasons herein stated the complaint sufficiently charged the offense of resisting arrest. The order of the trial court dismissing the complaint is reversed and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

Judgment reversed.

SMITH, P. J., and KASSERMAN, J., concur.