THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JEFFREY L. ROUNDS, Defendant-Appellant.

Fifth District   No. 76-108

Opinion filed March 15, 1977.

Michael J. Rosborough, of State Appellate Defender's Office, of Mt. Vernon, and Bruce Stratton, of State Appellate Defender's Office, of Springfield, for appellant.

Robert H. Howerton, State's Attorney, of Marion (Bruce D. Irish and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:
Defendant, Jeffrey L. Rounds, was charged in the circuit court of Williamson County with the offenses of disorderly conduct and resisting a peace officer. Defendant was found guilty as charged following a jury trial but the trial court only imposed a sentence on the conviction for resisting a peace officer. Defendant was sentenced to six months imprisonment on this conviction from which he appeals.

The only issue presented for review is whether defendant's conviction for resisting a peace officer must be reversed where the arrest resisted was itself unlawful.

The testimony at trial shows that at 2 a.m. defendant and a companion were stopped by Police Officer Jack Engram after they had been observed acting in a suspicious manner. Engram was in uniform and was driving a marked police car. Engram testified that he observed defendant and his companion repeatedly going to a door of an apartment house and returning to the sidewalk. He stopped them after he saw defendant twist a parking meter. Defendant explained that his car had run out of gas and that he was walking home. Engram left defendant and the companion but later saw the two proceeding in a direction opposite that which they had indicated they were heading. Engram and two other policemen watched the two for a period and then stopped them. Defendant stated that they had changed their minds and had decided to stay with a friend. When

asked the address of the friend, defendant responded, "That's none of your damn business." Engram told defendant that he was under arrest. Force was required to place defendant into the squad car since defendant attempted to break loose of Engram's hold on him. At the police station, defendant refused to enter the station and as Engram began taking him inside, defendant struck the officer three or four times and he ran into the street where another officer caught him.

Defendant testified that he could not remember going back and forth between the apartment house and the street, or twisting the parking meter, or stating that he would not enter the squad car. He denied trying to break loose from Engram at the scene of the arrest or striking him and running away at the station.

Defendant contends that his arrest for disorderly conduct was unlawful and hence, relying on *People v. Royer*, 101 Ill. App. 2d 44, 242 N.E.2d 288, he contends that his conviction for resisting the arrest should be reversed. The State responds by arguing that even assuming, *arguendo*, that the arrest was unlawful, resistance thereto is a violation of the statute.

Section 31—1 of the Criminal Code (Ill. Rev. Stat. 1975, ch. 38, par. 31—1) provides that:

> "A person who knowingly resists or obstructs the performance by one known to the person to be a peace officer of any authorized act within his official capacity commits a Class A misdemeanor."

In *Royer*, we held that resistance to an unlawful arrest could not properly be the basis of a violation of section 31—1 since an unlawful arrest does not constitute an "authorized act." However in *People v. Locken*, 59 Ill. 2d 459, 322 N.E.2d 51, decided subsequent to *Royer*, our supreme court held that the legislature intended that:

> "* * * the making of an unlawful arrest is to be considered an 'authorized act' for the purposes of section 31—1. Consequently, resistance of even an unlawful arrest by a known officer is a violation of section 31—1." (59 Ill. 2d 459, 464-65, 322 N.E.2d 51, 54.)

(See also *People v. Gilman*, 17 Ill. App. 3d 827, 308 N.E.2d 666; *People v. Gnatz*, 8 Ill. App. 3d 396, 290 N.E.2d 392; *People v. Carroll*, 133 Ill. App. 2d 78, 272 N.E.2d 822. Compare Ill. Rev. Stat. 1975, ch. 38, par. 31—1, with Ill. Rev. Stat. 1975, ch. 38, par. 7—7.) To the extent *Royer* is inconsistent with *Locken*, we refuse to adhere to *Royer*.

In the case at bar it is undisputed that defendant knew Engram to be a police officer and that defendant's conduct amounted to resistance to an arrest. The need to avoid the violence that characterized such resistance far outweighs whatever outrage defendant may have suffered by the purportedly unlawful arrest. Redress for unlawful police conduct must be sought through the peaceable means of relief provided by law.

Consequently, we affirm the judgment entered by the circuit court of Williamson County.

Affirmed.

CARTER, P. J., and KARNS, J., concur.