THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICARDO PAEZ, Defendant-Appellant.

Second District   No. 75-449

Opinion filed January 21, 1977.

Frank Wesolowski, Jr., Public Defender, of Wheaton (Robert H. Heise, Assistant Public Defender, of counsel), for appellant.

John J. Bowman, State's Attorney, of Wheaton (Malcolm F. Smith, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Defendant appeals from his conviction of aggravated battery (Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(6))[1] after a jury trial and from the sentence imposed of not less than 2½ years nor more than six years imprisonment. Defendant had also been charged with attempt rape and burglary but the jury was unable to agree on a verdict as to those charges. Prior to his sentencing on the aggravated battery charge defendant pled guilty to the offense of burglary and this was considered in the determination of the sentence.

Defendant first contends that he was not proven guilty of aggravated battery beyond a reasonable doubt. Essentially he argues that the State failed to prove that the police officer involved suffered physical harm from the admitted physical contact. The State contends that physical contact of an "insulting or provoking nature" is sufficient to prove the offense without proof of physical harm; but that the evidence also proved that the defendant was physically harmed.

Defendant was identified by the complaining witness in the rape and burglary cases shortly after the alleged intrusion. The defendant was placed under arrest and began to struggle when Deputies Carter and Winkler attempted to handcuff him. Defendant pulled away from Winkler and kicked Carter in the left thigh. He then pulled away from Carter, struck him on the side of his head with his elbow, and with his fist and forearm struck Carter on the left side of the officer's rib cage. No medical attention was required and there was no testimony as to the extent of the injury resulting from the blows.

■■■ Defendant was guilty of aggravated battery against a police officer beyond a reasonable doubt. The evidence clearly showed a battery against a police officer engaged in the performance of his duty

---

[1] "A person who, in committing a battery ° ° ° [k]nows the individual harmed to be a peace officer ° ° ° while such officer is engaged in the execution of any of his official duties including arrest or attempted arrest;" commits aggravated battery. Ill. Rev. Stat. 1973, ch. 38, par. 12—4(b)(6).

accompanied with a degree of bodily harm required under the statute.[2] There is no requirement that the evidence demonstrate a visible injury in order to establish bodily harm under the statute. See *People v. McEvoy*, 33 Ill. App. 3d 409, 411 (1975).

Defendant also contends that the court committed reversible error when it gave the following instruction over his objection:

> "A person is not authorized to use force to resist an arrest which he knows is being made by a peace officer, even if he believes that the arrest is unlawful and the arrest in fact is unlawful." (IPI Criminal No. 24.20.)

He contends it was irrelevant to the offense charged and introduced the prejudicial implication that defendant was guilty of a criminal offense in addition to those charged.

It is, of course, error to interject irrelevant issues into jury deliberations and to instruct as to crimes not charged. (*People v. McCauley*, 2 Ill. App. 3d 734, 736 (1972).) In *McCauley*, this court held that the giving of the above instruction defining the use of force to resist arrest together with an instruction which defined the use of force by a peace officer to prevent an escape (IPI Criminal No. 24.19) required reversal of the conviction for aggravated battery of a police officer. However, in *McCauley*, the defendant was not resisting arrest, he had already been arrested, was in custody and there was no evidence that he was attempting to escape. The instructions therefore interjected irrelevant matters which would tend to mislead and confuse the jury to the defendant's prejudice.

■■■ The facts in this case are different. This defendant was charged with aggravated battery which occurred in the process of his being arrested. And there was evidence that defendant was, in fact, resisting arrest. A necessary element of the crime of aggravated assault against a police officer who is in the course of effecting an arrest is that the defendant act without legal justification. (See *People v. Gnatz*, 8 Ill. App. 3d 396, 399 (1972).) In a trial which involves the offense of aggravated battery against a peace officer attempting to effect an arrest it is not prejudicial error to instruct on the lack of legal justification for using force to resist the arrest when the instruction is relevant based on the facts adduced at the trial. (*People v. Brown*, 18 Ill. App. 3d 1049, 1057 (1974).) The defendant introduced evidence for the obvious purpose of showing that the police officers were overreacting and from which his counsel argued to the jury that, in fact, defendant was justified in his response. On

---

[2] A battery is defined in par. 12—3(a) as follows:

"A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." Ill. Rev. Stat. 1973, ch. 38, par. 12—3(a).

this record there was no reasonable likelihood of misleading or confusing the jury. It was therefore not error to give the instruction.

■■ The defendant also claims that the trial court improperly restricted his cross-examination of Officer Carter as to the omission in the police report of any reference to physical contact between defendant and the officer. Defense counsel, however, did in fact later elicit the discrepancy between the officer's testimony and his report. In addition, the trial testimony of Officer Carter was corroborated by the testimony of another officer at the scene who was not a co-author of the police report. Carter's fellow officer who actually wrote the report also corroborated Carter's trial testimony. The restriction of cross-examination could have had no appreciable effect under these circumstances and did not result in error requiring reversal. See *People v. Zazzetti*, 6 Ill. App. 3d 858, 861 (1972).

■■ The defendant's final contention that his sentence is improper has been properly conceded by the State. Under section 5—8—1(c)(3), (4) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—1(c)(3), (4)), the minimum terms for both burglary and aggravated battery are limited to one-third of the maximum. The sentence is therefore modified to a minimum of two years with the maximum of six years. The judgment as modified is affirmed.

Sentence modified; judgment as modified affirmed.

RECHENMACHER, P. J., and GUILD, J., concur.