EMILY M. DEZORT, Adm'x of the Estate of Frank J. Dezort, Jr., Deceased, Plaintiff-Appellant, *v.* THE VILLAGE OF HINSDALE *et al.*, Defendants-Appellees.

Second District   No. 78-311

Opinion filed November 5, 1979.

George N. Avgeris, of Hinsdale, for appellant.

Stanley J. Davidson, Oliver W. Gregory, Jr., and David P. Meyer, all of Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago, for appellees.

Mr. PRESIDING JUSTICE GUILD delivered the opinion of the court:

This is the second appeal arising from the wrongful death action brought by the estate of Frank J. Dezort, Jr., against the Village of Hinsdale. In our opinion in *Dezort v. Village of Hinsdale* (1976), 35 Ill. App. 3d 703, 342 N.E.2d 468 (hereinafter referred to as Dezort I), we reversed a summary judgment for the defendant and remanded the matter for further proceedings consistent with the law expressed in that opinion. As a consequence, the case was brought to trial before a jury in the circuit court of Du Page County. The result of that trial was a jury verdict for the defendant, accompanied by a specific finding that the decedent was guilty of contributory negligence. Judgment was then entered for the defendant. Plaintiff appeals from that judgment as well as the denial of her motions for a directed verdict and judgment *n.o.v.* Primarily, the plaintiff contends that improper instructions were given to the jury, over her objections, and that as a consequence the jury's verdicts must be overturned by this court. Secondarily, the plaintiff contends that she was entitled to a directed verdict or for judgment *n.o.v.* as a matter of both fact and law.

We have reviewed the testimony and other evidence which was introduced at trial. As a result of that review, we conclude that the facts which were introduced at trial and upon which the jury relied were, in substance, identical to those which were set out in Dezort I. We, therefore, refer the reader to our earlier opinion cited above for the circumstances surrounding the death of Frank J. Dezort, Jr., while in the custody of the Hinsdale Police Department.

The general issue before this court is whether the jury instructions that were given in this case, when considered in their entirety, fairly, fully and comprehensively informed the jury of the relevant principles of law and questions of fact. See *Saunders v. Schultz* (1960), 20 Ill. 2d 301, 170 N.E.2d 163; *Miceikis v. Field* (1976), 37 Ill. App. 3d 763, 347 N.E.2d 320.

The specific instructions that were given in this case, and which are relevant to this opinion, are as follows:

(1) "It was the duty of the defendant, before and at the time of the occurance, to use ordinary care for the safety of the decedent."
(2) "When I use the term 'ordinary care' with respect to the decedent, I mean that degree of care which a reasonably careful person of the condition, mental capacity and state of intoxication

of the decedent would use under circumstances similar to those shown by the evidence. The law does not say how such a person would act under those circumstances. That is for you to decide."

(3) "It was the duty of the decedent, before and at the time of the occurence, to use ordinary care for his own safety. That means it was the duty of the decedent to be free from contributory negligence."

(4) "When I use the term 'negligence' in these instructions, I mean the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances, that is for you to decide."

(5) "When I use the expression 'contributory negligence' I mean negligence on the part of the decedent that proximately contributed to the cause of his death."

(6) "Whether or not a person involved in the occurence was intoximated at the time is a proper question for the jury to consider together with other facts and circumstances in evidence in determining: 1. Whether the decedent in his condition was capable of exercising ordinary care for his own safety; and 2. Whether the persons charged with responsibility toward him knew or reasonably should have known of his incapacity."

■■ The first point raised by the plaintiff with regard to these instructions is that Instruction no. 1 above does not accurately set forth the duty of the defendant toward the decedent in this case. The instruction as it now stands is Illinois Pattern Jury Instructions, Civil, No. 10.04 (as modified) (2d ed. 1971) (hereinafter IPI), and it is clear that it does set forth the standard of care which is applicable in most negligence actions. However, it is equally clear that the IPI instructions were never meant to state the law of Illinois in all possible situations. As a consequence, any trial court faced with a unique factual situation or point of law should not give any instructions, whatever their source, without carefully evaluating their individual accuracy and their cumulative effect upon the jury. In the instant matter, in Dezort I we expressly set out the duty of care to be borne by the defendant when we said:

"We * * * define the duty of the defendants * * * by the standard that *they are required to exercise ordinary and reasonable care for the preservation of their prisoner's health and life under the circumstances of the particular case.*" (Emphasis added.) (35 Ill. App. 3d 703, 710, 342 N.E.2d 468, 473.)

When the trial court failed to take this statement into account and gave

Instruction No. 1 above, it failed, in our opinion, to inform the jury that the defendant had an affirmative duty toward the decedent insofar as the preservation of his life and health was concerned. Therefore, Instruction No. 1 does not accurately reflect the state of law and it was error to give it to the jury. However, we must also look to the other instructions at issue here before we can accurately judge whether this particular error mandates reversal or whether it was harmless in this instance.

■■ Instruction No. 2 was concerned with the duty, if any, of the decedent in this case. We note that Instruction No. 2 was tendered by the plaintiff on the theory that the decedent's acts should be judged by a reduced standard of care. That is to say that the decedent was to be viewed by the jury as being capable only of the care which his state of intoxication, awareness or sanity permitted him to exercise. The defendant vigorously opposes Instruction No. 2, contending that there was nothing in Dezort I which mandated it. The plaintiff contends, on the other hand, that we did express a mandate when we said that:

> "The relevant inquiry is whether the decedent *in his condition* was incapable of exercising due care for his own safety ⁕ ⁕ ⁕ ." (Emphasis added.) (35 Ill. App. 3d 703, 711, 342 N.E.2d 468, 474.)

Plaintiff's interpretation is incorrect and the language from Dezort I cited by her does not mean that the decedent, as a matter of law, was to be held to the equivalent of the standard of care imposed, in Illinois, upon children over 7.

What we did mean by our sentence of "the relevant inquiry" is that the jury, as the finder of fact, must determine whether the decedent was capable, under the circumstances present here, of the exercise of any care for his own safety. If the jury finds that he was indeed capable of the exercise of care, then he must be held to the same standard as any other competent adult, to-wit, the standards set out in Instructions Nos. 3, 4 and 5 above. But, on the other hand, if the jury finds that the decedent was incapable of the exercise of care for his own safety due to his state of intoxication or mental instability, or both, then they must be directed to disregard instructions Nos. 3, 4 and 5 since contributory negligence can no longer be in issue. (See *Brown v. Decatur Memorial Hospital* (1979), 74 Ill. App. 3d 436, 442-44, 393 N.E.2d 84, 88-89 (Trapp, J., specially concurring).) In sum, therefore, the jury must first decide whether the defendant was negligent, second, it must determine whether the decedent was capable of exercising ordinary care. If he could, then the normal contributory negligence instructions apply. If he could not, then the acts or condition of the decedent are not a defense for the defendant and judgment could be entered accordingly.

■■ Instruction No. 6 above was drafted by the court itself. The plaintiff contends that it also was erroneously given to the jury because, as she puts it, it is a *"non sequitur."* She contends this is because it exists in a vacuum within the instructions as a whole. There is no question that the jury was not instructed, for example, as to what they must do in the event that they find that the decedent was not capable of exercising care. The defendant contends that the instruction is merely a paraphrase of our holding in Dezort I which was necessary to inform the jury of the consequences of the decedent's intoxication. We have examined this instruction in the light of the instructions as a whole and conclude that the plaintiff is correct in her contention that the instruction, which is a fair paraphrase of our holding in Dezort I, was incomplete. However, the jury should also have been instructed as to the necessary factual or legal consequences which would arise from resolving the two factual questions contained in Instruction No. 6. On any retrial of this case this deficiency in Instruction No. 6 should be corrected as it is presently improper.

We hold that, in their entirety, the instructions given to the jury here did not fairly, fully and comprehensively inform the jury of the relevant principles of law and fact and that the judgment based on the jury's verdict must be reversed.

The second major contention of the plaintiff is that the trial court erred when it denied her motion for a directed verdict and for summary judgment. Such motions are clearly governed by the rules set out in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, and *Trauscht v. Gunkel* (1978), 58 Ill. App. 3d 509, 374 N.E.2d 843. Due to the result we have reached above, we need not, and will not, apply these rules to the facts in this case.

For the reasons set forth above, we reverse and remand this case to the Circuit Court of Du Page County for proceedings not inconsistent with this opinion.

Reversed and remanded with instructions.

LINDBERG and SEIDENFELD, JJ., concur.