THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STEPHEN M. TAYLOR, Defendant-Appellant.

Second District   No. 81—920

Opinion filed January 19, 1983.

Benedict J. Ori, of Waukegan, for appellant.

Fred Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Cheri A. Novak, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

Defendant, Stephen M. Taylor, was found guilty after a jury trial of committing the offense of battery (Ill. Rev. Stat. 1981, ch. 38, par. 12—3) upon a police officer and was sentenced to 2½ months' supervision. He appeals, contending an instruction tendered by him was erroneously refused and that the offense of battery may not be found where defendant was unlawfully arrested while engaged in protected first amendment activity.

Officer Michael Donnenwirth of the Waukegan Police Department testified that on August 24, 1981, he was dispatched to a street corner in the city where he encountered defendant preaching and holding a Bible. The officer informed defendant that a complaint had been received concerning his activities, and defendant thereupon became loud and angry. Donnenwirth placed defendant under arrest, and a struggle ensued during which defendant fell to the ground. As Donnenwirth reached down toward defendant, defendant twice tried to kick him and then punched the officer in the jaw. Donnenwirth responded by punching defendant in the nose, breaking it.

During the conference on instructions, defendant tendered an instruction drawn substantially from the first amendment to the United States Constitution (U.S. Const., amend. I), setting out the

rights to freedom of religion, speech and peaceable assembly. The trial court refused the instruction, and defendant contends on appeal that this ruling was error.

■■ Police officers have been conferred by law (Ill. Rev. Stat. 1981, ch. 38, par. 107—2) with authority to make arrests, and the act of making an arrest is authorized to the extent that a person may not use force to resist or obstruct an arrest, even though it may be an unlawful arrest. (*People v. Shinn* (1972), 5 Ill. App. 3d 468, 283 N.E.2d 502; see Ill. Rev. Stat. 1981, ch. 38, par. 7—7.) Contrary to defendant's claim on appeal, this concept is not limited to prosecutions for resisting arrest. The rule that a person may not resist even an unlawful arrest made by one known by him to be a police officer has been applied with equal force in prosecutions for aggravated battery (*People v. Taylor* (1977), 53 Ill. App. 3d 810, 368 N.E.2d 950; *People v. Paez* (1977), 45 Ill. App. 3d 349, 359 N.E.2d 1083; *People v. Gnatz* (1972), 8 Ill. App. 3d 396, 290 N.E.2d 392), and neither the language of the statute from which this rule is derived (Ill. Rev. Stat. 1981, ch. 38, par. 7—7), nor the Committee Comments (Ill. Ann. Stat., ch. 38, par. 7—7, Committee Comments, at 422-23 (Smith-Hurd 1972)) suggest it is not applicable to the offense of battery. The tenor of the proffered defense instruction was to inform the jury that it might consider in its deliberations the question of whether defendant's first amendment rights were being violated at the time he admittedly struck Officer Donnenwirth. Inasmuch as such a consideration did not constitute a defense to the charge of battery, the instruction was properly refused.

■■ In addition, the instruction as offered was defective in form. It merely informed the jury of certain of the fundamental freedoms embodied in the first amendment to the United States Constitution and did not, either alone or in conjunction with any other instruction, purport to guide the jury's deliberations further in the event it decided that the Constitution had been violated. Instructions on abstract legal principles which fail to relate those principles to the case in a manner which assists the jury in its resolution of the issue to be decided are improper. (See *Dezort v. Village of Hinsdale* (1979), 77 Ill. App. 3d 775, 396 N.E.2d 855.) Accordingly, there was a second basis upon which the trial court might properly have refused the instruction in question.

Defendant also contends that the evidence adduced at trial failed to prove his guilt beyond a reasonable doubt. In support of this argument, he asserts that his act of striking Officer Donnenwirth was provoked by the officer's interference with his first amendment rights.

Defendant contends that under such circumstances it was incumbent upon the State to prove as an element of its case-in-chief that the police officer had grounds for such interference.

Defendant cites no authority for this proposition, and we conclude that it cannot prevail. As previously noted, the law does not permit an individual being arrested by one known by him to be a police officer to respond with violence, even if the arrest is unlawful. (See *People v. Carroll* (1971), 133 Ill. App. 2d 78, 272 N.E.2d 822.) Although *Carroll* involved a prosecution for resisting arrest, rather than battery, the concept for which it stands is equally applicable to other offenses involving an offer of violence to a police officer. Accordingly, the lawfulness of defendant's conduct at the time of the arrest and the unlawfulness of the arrest itself were not available defenses to the crime charged. In view of the police testimony, and defendant's admission, that he struck Officer Donnenwirth first, the judgment of conviction was sustained beyond a reasonable doubt.

For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

HOPF and VAN DEUSEN, JJ., concur.