THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT LEE SPICE, Defendant-Appellant.

Fourth District   No. 4—83—0055

Opinion filed December 8, 1983.

Daniel D. Yuhas and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman, of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

The defendant, Robert Lee Spice, appeals from his conviction of burglary. The defendant argues on appeal that the trial judge erred in failing to entertain the defendant's request for appointment of new counsel and in instructing the jury. The defendant seeks a reversal of his conviction and a remand for new trial. We affirm.

On March 23, 1981, the defendant was charged by information with one count of burglary. A public defender had been appointed on March 12, 1981, to represent the defendant. On May 27, 1981, the defendant made a request by letter that he be permitted to dismiss the public defender and receive representation by another attorney. That letter read in pertinent part:

> "Hon: Judge of the Court
> I Robert Lee Spice wish to dismiss my court appointed attorney Bruce Beeman!. And request another attorney from the Bar Ass. I feal [*sic*] my rights to a fair trial, will be violated, if I go to court with him!.. [*Sic.*] I've only seen him twice!. [*Sic.*] Once on Aprile [*sic*] 15th, and the second time was May 27th 1981.
> ***"

It is unclear from the record whether the trial court judge ever saw that letter. The letter was filed with the clerk on May 27, 1981. The court took no action on the letter, and the cause proceeded to trial. Not again until this appeal did the defendant express dissatisfaction with his counsel.

On March 11, 1981, the defendant gave the police a written statement which was introduced by the State without objection as evidence at the defendant's trial. In that statement the defendant indicated that he and another man, Marvin Barnes, had gone to the victim's residence on January 9, 1981. According to the statement, the two men agreed on and executed a plan that Barnes would "break into a house" and that Spice was not going to go in "but would stand outside to watch for the police and *** help sell the stuff we got." The defendant's statement continues to say that neither man had permis-

sion to enter the house.

At the close of the trial the court instructed the jury. Among the instructions given were the following:

"A person commits the crime of burglary who, without authority, knowingly enters a building or any part thereof with intent to commit theft." (People's Instruction No. 9, based on Illinois Pattern Jury Instruction (IPI), Criminal, No. 14.05 (2d ed. 1981).)

and

"To sustain the charge of burglary, the State must prove the following propositions:

First: That the defendant or one for whose conduct he is legally responsible entered a building; and

Second: That the defendant or one for whose conduct he is legally responsible did so with intent to commit the crime of theft.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty." People's Instruction No. 10, based on IPI Criminal No. 14.06 (2d ed. 1981).

When the prosecution offered its instruction No. 10, the defense objected on the grounds that the instruction was modified in the second paragraph. The defense offered no alternative instruction and the court gave both instructions as the prosecution offered them.

The jury returned a guilty verdict and the court entered judgment thereon.

We first address the issue raised as to the defendant's letter to the court regarding his dissatisfaction with his public defender. The defendant cites two cases for his proposition that when a defendant has raised the question of the adequacy of representation by an appointed attorney, the protections of the sixth amendment require that the trial court significantly inquire into the reasons for the request. Neither of those cases, *United States v. Morrissey* (2d Cir. 1972), 461 F.2d 666, and *People v. Kubat* (1983), 94 Ill. 2d 437, 447 N.E.2d 247, supports a requirement that, when a trial court receives a letter such as the one at issue here, the court must respond to the letter or hold an evidentiary hearing to inquire into the defendant's claim of ineffectiveness of his court-appointed counsel.

■ If the defendant's letter was not received and read by the trial court before it was filed by the clerk, the letter here was like the written motion for a new trial filed by the defendant in *People v. Stewart* (1952), 412 Ill. 106, 105 N.E. 725. In that case the defendant argued as a basis for appeal that the trial court erroneously refused to rule upon the written motion. Our supreme court held that:

> "A motion is an application to the court, and the mere filing of it in the office of the clerk is not of itself a sufficient application. It must be brought to the attention of the court ***." *People v. Stewart* (1952), 412 Ill. 106, 108, 105 N.E. 725, 726.

■ Even if the court did receive the defendant's letter, it was not, as the defendant contends, incumbent on the court to investigate into the effectiveness of the defendant's counsel. The Federal courts have held harmless a trial judge's failure to inquire formally into a defendant's request for new appointed counsel if there is no suggestion that such an investigation would reveal reasons justifying substitution. (*McKee v. Harris* (2d Cir. 1981), 649 F.2d 927, 933.) The defendant's allegation that he'd seen his public defender only twice did not rise to a level of seriousness demanding the court's investigation.

The defendant argues further that the record of the representation which the defendant received, when viewed as a whole, supports his contention that the court incorrectly failed to act on the defendant's letter. We disagree. After writing the letter in question, the defendant did not state or renew any complaints regarding his attorney's performance. The record shows that the defense attorney was familiar with case materials and that he represented the defendant with knowledge of the defendant's decision not to challenge any prospective jurors or present any evidence.

We find no error in the trial judge's failure to act on the defendant's letter.

We now turn to the issue of the jury instructions. The offense of burglary in Illinois includes as an element that entry be made "without authority." (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a).) Thus it is that IPI Criminal provides as the second of three elements in the issues instruction for burglary: "That the defendant did so without authority."

The People's Instruction No. 10 given to the jury in the instant case did not include that element of lack of authority. The giving of the instruction, therefore, was erroneous. "It is the State's duty to prove the essential elements of a charged crime, and these elements must be made known to the jury." (*People v. Worsham* (1975), 26 Ill.

App. 3d 767, 770, 326 N.E.2d 134, 137.) The issue remaining on appeal, then, is whether the error in the instructions requires reversal and remandment for a new trial. (*People v. Stromblad* (1978), 74 Ill. 2d 35, 39, 383 N.E.2d 969, 971.) We find that it does not.

The defendant cites *Stromblad* in support of his proposition that the court's failure here to instruct the jury on a necessary element requires reversal, regardless of the sufficiency of the evidence at trial. His reliance is inappropriate. The instruction defect in *Stromblad* was the omission from the definition of obscene material of the phrase "utterly without redeeming social value." That misinstruction caused the jury to lack a crucial tool for determining whether the prosecution had proved the defendant guilty of the obscenity offense charged. Additionally, whether material is so "utterly without redeeming social value" as to be obscene is a determination which is particularly susceptible to differing interpretations of facts. In this case the error was not on so critical a point.

As our supreme court has held, even though error may have been committed in giving an instruction, it will not always justify reversal when the evidence on the question raised is clear. (*People v. Jones* (1979), 81 Ill. 2d 1, 9, 405 N.E.2d 343, 346.) In *Jones*, the court found that the jury had been misinstructed as to the mental state element. The court found the error to be harmless, however, basing its decision on the clear evidence of the requisite mental state and the accuracy of other instructions given the jury.

In the instant case, as in *Jones*, the element in question is one on which there is clear and unchallenged evidence. The defendant's statement to the police acknowledged that neither he nor his partner had permission to enter the victim's residence. The victim testified that she had not given the defendant authority to enter. Furthermore, the defendant neither presented any evidence of his own, nor challenged any evidence presented on the authority issue.

■ The jury found that the defendant was accountable for an entry of a building with the intent to commit theft. We conclude that the error in the jury instruction was harmless. Having so decided, we need not rule on whether, as the defendant argues, the error in the issues instruction was redeemed by the giving of the correct definitional People's Instruction No. 9.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

ALLOY and HEIPLE, JJ., concur.