THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SPENCER TRAYLOR, Defendant-Appellant.

First District (1st Division)   No. 84—309

Opinion filed December 23, 1985.

Steven Clark and Gordon H. Berry, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, James S. Veldman, and William J. Lavelle, Assistant State's Attorneys, of counsel), for the People.

JUSTICE QUINLAN delivered the opinion of the court:

After a jury trial defendant, Spencer Traylor, was convicted of auto theft and two counts of aggravated battery predicated on the use of an automobile as a deadly weapon. Defendant was sentenced to eight years for theft and five years for aggravated battery. The sentences were to be served concurrently. On appeal defendant argues: (1) he was prejudiced by improper remarks by the prosecutor; (2) he was not proved guilty beyond a reasonable doubt in that the evidence establishes at most reckless conduct; and (3) the jury was improperly instructed that the State need only prove that the car was worth over $150 to sustain felony theft.

We affirm.

Defendant admitted that on May 8, 1981, he was driving a 1979 Pontiac Trans Am which he knew was stolen. Four plain clothes policemen testified that they chased defendant in two separate cars after they received a report that the Pontiac was stolen. They converged on the Pontiac and tried to block it off. Defendant crashed into one of the police cars and tried to evade the second. However, in doing so the stolen car struck the second police car. Two officers, Bernatek and Frost, left their respective cars and approached the defendant's car. Officer Bernatek approached from the back of defendant's car, and Officer Frost approached from the front. The officers testified that defendant revved the engine, peeled the tires, backed into Officer Bernatek and lurched forward into Officer Frost. The officers testified they were both struck in the legs. Defendant broke through the barricade imposed by the two cars. The officers shot at defendant's car and continued the chase. After a search of the area, defendant, who had been wounded, was arrested. Officers Bernatek and Frost testified they went to the hospital and were examined. No X rays were taken of Officer Bernatek, and apparently he received no treatment. X rays were taken of Officer Frost, a doctor wrapped Frost's ankle with an ace bandage, and told him to stay off his ankle for a few days.

During closing argument, defense counsel referred to the minor nature of the injuries, if any, suffered by the officers. He commented on the fact that the State had subpoenaed hospital records but did not submit them into evidence. In the rebuttal argument, the prosecutor stated that the State need not show the extent of harm inflicted on the officers, but simply that they were struck and they were hurt. Also in rebuttal, the prosecutor stated that they could have brought in the doctors to verify the testimony of the officer, and that to believe defendant's assertion that the officers were not hurt, the jury would

have to believe the officers convinced the doctors to lie in their reports. Finally, in response to defense counsel's observations concerning the method by which the officers approached the stolen Pontiac, the prosecutor referred to them as "white policemen in a black neighborhood." The apparent inference intended by the comment was that particular caution was perceived as necessary by the officers in effectuating the arrest.

■■ Initially we note that defendant has failed to challenge the allegedly improper remarks in his post-trial motion. Therefore, he has waived the issue on appeal. (*People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.) Furthermore, upon our review of the record, we conclude that the remarks complained of would not require reversal in any event.

■ First, the prosecutor's statement that the State need only establish that the officers were struck and that they were hurt to prove aggravated battery, is correct. In the case at bar, the defendant was charged with aggravated battery predicated on the use of a deadly weapon. Therefore, the degree of bodily harm inflicted on the victims is not an aggravating factor and is irrelevant to sustain the charge. In *People v. Paez* (1977), 45 Ill. App. 3d 349, 359 N.E.2d 1083, for example, the court affirmed a conviction for aggravated battery committed against a police officer where there was evidence that the defendant struck the officer, even though the officer never received medical attention and there was no evidence adduced as to the extent of the injuries.

■■ ■ In reference to the remarks regarding the medical reports which were not in evidence, and the reference of the "white policemen in the black neighborhood," we conclude that these statements could not have prejudiced defendant and that therefore reversal is not required. (See *People v. Shepard* (1983), 114 Ill. App. 3d 598, 439 N.E.2d 222.) The references regarding the medical reports were harmless where the indisputed evidence indicated that the officers were struck by the car driven by the defendant and they were hurt. This evidence in itself was sufficient to sustain defendant's convictions for aggravated battery. (See *People v. Paez* (1977), 45 Ill. App. 3d 349, 359 N.E.2d 1083.) Therefore, any improper reference to the medical reports could not have been a material element in defendant's convictions. (See *People v. Clark* (1972), 52 Ill. 2d 374, 390, 288 N.E.2d 363.) Finally, it is axiomatic that it is improper for a prosecutor to appeal to racial prejudice of the jury. However, in the case at bar, the isolated reference to "white policemen in a black neighborhood" does not require reversal where there is no indication that the

statement intended to, nor in fact did, appeal to any prejudice of the jury. See *People v. Gary* (1976), 42 Ill. App. 3d 357, 356 N.E.2d 135.

Defendant testified that he did not drive into the police officers purposefully. At the sentencing hearing, the prosecutor in his argument stated that while defendant may not have seen Officer Bernatek, he could not have missed Officer Frost. On the basis of this, defendant argues that he was not proved guilty beyond a reasonable doubt because the evidence, as suggested by the prosecutor, sustained only reckless conduct.

■■ ■ On the part of the defendant, intent to commit aggravated battery can be inferred through the circumstances of defendant's actions. (*People v. Bodeman* (1982), 105 Ill. App. 3d 39, 433 N.E.2d 1140.) In the case at bar, the jury heard the evidence and determined that defendant had the requisite intent to commit aggravated battery. Any comments by the prosecutor during the sentencing hearing are irrelevant to the determination of the jury. Because we conclude that in the case at bar, the verdict of the jury is amply supported by the evidence, we affirm the jury's guilty verdicts for aggravated battery.

A police technician testified that he owned the type of car that defendant was convicted of stealing, a 1979 Pontiac Trans Am, and that he was familiar with the value of the automobile. The witness stated that the value of the car was more than $300 in 1981. The jury was instructed that the State need only prove the worth of the car was $150 to sustain felony theft. However, before trial, apparently overlooked by counsel and the trial court, the statute was amended so that value of the property stolen must exceed $300 to sustain felony theft. Defendant argues that, although he originally acquiesced in the improper instruction, he is entitled to remandment for a hearing on the actual value of the car.

■■ We conclude that defendant was not prejudiced by the improper instruction. In *People v. Jackson* (1984), 99 Ill. 2d 476, 459 N.E.2d 1362, the court held that the value of the property stolen does not affect the jury's decision whether a theft was committed, as long as the property has some value, and that the value of the property is only relevant to the sentence which can be imposed. We can certainly take judicial notice that a 1979 Pontiac Trans Am has some value in 1981. (See *People v. Kurtz* (1968), 37 Ill. 2d 103, 224 N.E.2d 817.) In *People v. Tassone* (1968), 41 Ill. 2d 7, 241 N.E.2d 419, the court upheld a felony theft conviction even though there was no evidence of the value of the stolen property. The court took judicial notice that the value of the property, which was a semi-trailer truck and its contents, exceeded $150. In the case at bar, the evidence was uncontra-

448

dicted that the value of the car exceeded $300. Under the circumstances in the case at bar, defendant could not have been prejudiced by the improper instruction (see *People v. Spice* (1983), 120 Ill. App. 3d 103, 457 N.E.2d 1055), nor was the sentence based on a felony conviction improper.

Accordingly, the judgment appealed from is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.