THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OZELL RANDLE, JR., Defendant-Appellant.

Third District   No. 3—90—0527

Opinion filed May 21, 1991.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Ozell Randle, Jr., was charged by indictment with the offenses of attempted murder, armed violence, and two counts of aggravated battery (Ill. Rev. Stat. 1989, ch. 38, pars. 8—4(a), 9—1(a)(1), 33A—2, 12—4(a),(b)(1)). At the defendant's request, the jury was also instructed about the offenses of reckless conduct and unlawful use of weapons. The jury subsequently found the defendant not guilty of attempted murder and guilty of the remaining offenses. The trial judge sentenced the defendant to concurrent terms of imprisonment of 20 years for armed violence, 5 years on each count of aggravated battery, 364 days for reckless conduct, and 364 days for unlawful use of weapons. The defendant appeals.

The State's witnesses testified that in the late evening of September 23, 1988, and the early morning of September 24, 1988, the defendant was at Roberson's Lounge. While at Roberson's, he came into contact with Antuane Brown. The defendant and Brown had a heated discussion during which Brown put the defendant against a wall. The altercation ended when one of Roberson's bouncers intervened.

Brown then left Roberson's with his fiancee and two of his friends. The defendant followed him out of Roberson's and continued talking to him. After Brown told the defendant to be quiet and pushed him against a wall, the two began wrestling. During the encounter, Brown slammed the defendant onto a nearby car. Brown's friends then separated the two men, but the defendant thereafter pulled a gun. Brown lunged for it and struggled with the defendant. During the struggle, two shots were fired into the air. A third shot struck Brown and knocked him down. The defendant then left the scene.

Witnesses for the defense testified to substantially similar circumstances with a couple of notable exceptions. Defense witnesses testified that rather than separating Brown from the defendant, Brown's friends were hitting the defendant. They also testified that it was Brown, not the defendant, who drew the gun.

The defendant argues on appeal that his convictions for armed violence, aggravated battery, and reckless conduct must be reversed and his cause remanded for retrial because the jury verdicts on those offenses were legally inconsistent. Alternatively, he requests in light of "one act, one crime" principles that we vacate his convictions for aggravated battery and reckless conduct. We reverse and remand based on the defendant's first argument and therefore need not reach his second argument.

In *People v. Spears* (1986), 112 Ill. 2d 396, 493 N.E.2d 1030, the Illinois Supreme Court addressed a similar inconsistent verdicts issue. There, the defendant had been convicted of attempted murder, armed violence, and reckless conduct for an attack on his estranged wife. The supreme court held that the conviction for armed violence predicated on aggravated battery was legally inconsistent with the reckless conduct conviction. The court reasoned that the defendant could not simultaneously possess reckless and knowing intent.

The State argues that *Spears* is not dispositive in the instant case, since the supreme court did not address the issue of whether a claim of legally inconsistent verdicts can be waived. The supreme court held that since the State failed to raise the waiver issue in its brief in the appellate court, the waiver issue itself was waived.

In the instant case, the State argues that the defendant waived his claim of legally inconsistent verdicts by failing to raise the issue in the trial court and by inviting the error. We find, however, that we need not reach the waiver question since this issue rises to the level of plain error.

Before the plain error rule may be used as a means of circumventing the general waiver rule, it must be plainly apparent from the record that an error affecting substantial rights has been committed. (134 Ill. 2d R. 615(a); *People v. Precup* (1978), 73 Ill. 2d 7, 382 N.E.2d 227.) Cases involving legally inconsistent verdicts affect substantial rights since the claim of error goes directly to the validity of the judgments of conviction. *People v. Roman* (1981), 98 Ill. App. 3d 703, 424 N.E.2d 794.

The State next contends that separate acts support the defendant's convictions for armed violence and reckless conduct. Specifically, it argues that the reckless conduct conviction was based on one of the confrontations that occurred before the actual shooting, while the armed violence conviction was based on the shooting itself. We find no merit in this argument.

There is no evidence in the record to indicate that Brown was physically injured by the defendant prior to the shooting. The State

itself admits that there is a lack of evidence of harm to Brown other than the shooting. Nevertheless, it proposes that the jury could have found that such harm occurred. In support of this proposition, the State cites the following cases: *People v. Brown* (1974), 18 Ill. App. 3d 1049, 310 N.E.2d 498; *People v. Paez* (1977), 45 Ill. App. 3d 349, 359 N.E.2d 1083; and *People v. Taylor* (1977), 53 Ill. App. 3d 810, 368 N.E.2d 950. However, in each of those cases witnesses testified that some harm had occurred, whereas in this case there was no testimony that the defendant harmed Brown other than by shooting him. We therefore cannot accept the State's argument that the jury could have rationally found that such harm occurred.

██ We hold that the defendant's convictions were inconsistent under *Spears* and that that inconsistency constituted plain error. We further hold that the jury could not have rationally based the armed violence and reckless conduct convictions on different actions by the defendant. We therefore reverse the defendant's convictions and remand the cause for a new trial. We note that double jeopardy does not attach since the evidence at trial was sufficient to sustain a verdict. *People v. Moore* (1984), 121 Ill. App. 3d 570, 459 N.E.2d 1121.

The judgment of the circuit court of Peoria County is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

STOUDER, P.J., and GORMAN, J., concur.