THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JIMMIE CHAMBERS, Defendant-Appellant.

First District (1st Division)   No. 1—88—3191

Opinion filed September 9, 1991.—Rehearing denied September 24, 1991.

Anne Meyer, of State Appellate Defender's Office, of Chicago, for appellant.

John M. O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Joseph Brent, and David Stabrawa, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Defendant Jimmie Chambers appeals from his convictions for the armed robbery of Velma Lewis and the attempted murder of Therman Wilson, for which he was sentenced to consecutive prison terms of 30 and 25 years, respectively.

The incidents at issue occurred on April 27, 1988. On that day, Velma Lewis visited a currency exchange located near North and Central Avenues in Chicago. At some point, defendant accosted Lewis after she exited the currency exchange, pointed a pistol at her, and demanded her money. Lewis screamed. Defendant knocked Lewis down, kicked her, took her purse off of her shoulder, and ran.

Therman Wilson witnessed the incident and gave chase. Wilson confronted defendant in a building gangway as defendant was rummaging through Lewis' purse. Defendant reached into his coat pocket, brought out a pistol, and attempted to load a bullet in the chamber by pulling the "slide" back. Pointing the pistol at Wilson, defendant pulled the trigger twice, but the pistol did not fire.

A scuffle then ensued during which Wilson bit defendant's finger while trying to gain control of the pistol. Defendant fled.

Defendant was arrested the following day and was subsequently charged by indictment with armed robbery and aggravated battery (Ill. Rev. Stat. 1987, ch. 38, pars. 18—2, 12—4) against Lewis and attempted murder (Ill. Rev. Stat. 1987, ch. 38, pars. 8—4, 9—1) against Wilson.

At the close of the State's case in chief, the trial judge acquitted defendant of the aggravated battery of Lewis. Eventually, the jury found defendant guilty of the armed robbery of Lewis and the attempted murder of Wilson. In addition, the jury found defendant guilty of uncharged offenses of reckless conduct and aggravated assault (Ill. Rev. Stat. 1987, ch. 38, pars. 12—2, 12—5) against Wilson. However, at defendant's sentencing hearing, the trial judge entered judgment against defendant only for the charged offenses of armed robbery and attempted murder.

On appeal, defendant contends the convictions for attempted murder and reckless conduct as to Wilson are legally inconsistent because attempted murder requires the specific intent to commit murder (Ill. Rev. Stat. 1987, ch. 38, pars. 4—4, 8—4), while reckless conduct requires the lesser mental state of recklessness (Ill. Rev. Stat. 1987, ch. 38, pars. 4—6, 12—5) but that the evidence failed to prove defendant's acts showed his mental state had varied. (See *People v. Hoffer* (1985), 106 Ill. 2d 186, 478 N.E.2d 335, *cert. denied* (1985), 474 U.S. 847, 88 L. Ed. 2d 114, 106 S. Ct. 139.) Defendant argues the State should not now be permitted to separate the acts of pointing the pistol at Wilson and twice pulling the trigger from the ensuing struggle in an attempt to reconcile the verdicts. Defendant asserts that, because he could not simultaneously have acted both intentionally and recklessly, the convictions are legally inconsistent, necessitating reversal for a new trial.[1]

We agree.

■■ Although defendant both failed to raise an objection to the inconsistency of the verdicts at trial and failed to include the issue in a written post-trial motion, the matter is reviewable under the plain error doctrine. 134 Ill. 2d R. 615; *People v. Randle* (1991), 213 Ill. App. 3d 1082, 572 N.E.2d 1207; *People v. Scherzer* (1989), 179 Ill. App. 3d 624, 534 N.E.2d 1043.

The seminal case regarding inconsistent verdicts based on mutually exclusive mental states is *People v. Spears* (1986), 112 Ill. 2d 396, 493 N.E.2d 1030. In *Spears*, the defendant was charged with attempted murder and armed violence in the shooting of his estranged wife. One bullet had struck her, one bullet had missed, and another bullet, aimed at her, had struck a second victim. Instructions were tendered to the jury for the charged offenses of attempted murder

---

[1]Defendant raises no issue with respect to any inconsistency involving the conviction for aggravated assault, contending that that conviction was invalid because the jury was not instructed on the requisite mental state.

and armed violence. At defendant's request, the jury was also instructed as to the uncharged offense of reckless conduct. Verdict forms were provided for both the charged and uncharged offenses. Defendant was found guilty of all of the offenses. The trial judge, however, entered judgment only for attempted murder and armed violence.

Agreeing with the appellate court, the supreme court affirmed the reversal of the convictions, finding they were legally inconsistent. The court recognized the issue was whether the jury could rationally have found separable acts accompanied by appropriate mental states to reconcile the verdicts. (*Spears*, 112 Ill. 2d at 405, 493 N.E.2d at 1034.) However, the court also noted that that principle found no application where the State was merely attempting, after the fact, to justify inconsistent verdicts in direct conflict with both its theory of the case and evidence presented in support of that theory. (*Spears*, 112 Ill. 2d at 405, 493 N.E.2d at 1034.) Specifically, the court noted:

"It would be manifestly unfair to allow the State, with the benefit of hindsight, to be able to create separable acts on appeal, neither alleged nor proved at trial. Such an inquiry does not operate in a vacuum. The manner by which a defendant is charged and the jury is instructed, provides the essential framework for analyzing the consistency of jury verdicts in the troublesome context of multiple shots or victims. We believe that the substance of the allegations charging the defendant, as an unequivocal expression of prosecutorial intent [citation], and what the evidence showed in relation to those charges, are of particular importance in determining whether guilty verdicts could rationally and consistently be based upon separable acts accompanied by the requisite mental states." *Spears*, 112 Ill. 2d at 405-06, 493 N.E.2d 1034.

The supreme court observed that the defendant had not been charged in the information based on each shot fired. The State had based each of its charges with respect to offenses against defendant's estranged wife on the shots that actually struck her. (*Spears*, 112 Ill. 2d at 406, 493 N.E.2d at 1034.) The court noted that, even assuming defendant's acts were separable, neither the State nor defense counsel had presented evidence to suggest defendant's state of mind had varied during the incident. (*Spears*, 112 Ill. 2d at 406, 493 N.E.2d at 1034.) Thus, applying the principal that different mental states cannot simultaneously coexist, the court determined the verdicts were inconsistent. *Spears*, 112 Ill. 2d at 406-07, 493 N.E.2d at 1034.

Like the situation in *Spears*, the jury in the instant case was instructed, at defendant's request, as to the uncharged offense of reckless conduct in addition to the charged offense of attempted murder. After the jury returned guilty verdicts for the offenses, the trial judge entered judgment only as to attempted murder.

Analyzing the facts here within the framework indicated in *Spears*, the indictment against defendant for the attempted murder of Wilson alleged simply that defendant attempted to kill Wilson by pointing a pistol at him and pulling the trigger twice. As for evidence presented in view of the indictment, the State established, through Wilson's testimony, that after Wilson struck defendant with a piece of concrete, defendant brandished the pistol, attempted to load a bullet in the chamber, pointed it at Wilson, and pulled the trigger twice. When the pistol did not fire, Wilson "grabbed the gun, held it aside the ground" and he and defendant "tussled around for a while[.]" Wilson bit defendant's finger because defendant "wouldn't turn [the pistol] loose." Wilson's testimony did not provide further detail regarding the scuffle with defendant.

In his own testimony, defendant denied having a pistol, but admitted that he scuffled with Wilson after Wilson hit him with the piece of concrete.

The evidence above presents a distinction from *Spears* to the extent that defendant's acts here are easily recognized as separate because they are different in kind. Defendant's pointing the gun and attempting to fire it, if viewed as one act, is fundamentally distinct from his act of struggling with Wilson while holding the gun. The troublesome process of assessing the nature of seemingly identical acts, such as was present in *Spears*, is seemingly lessened in the instant case. It might thus appear more likely that defendant's acts could support verdicts for both attempted murder and reckless conduct.

The ability to distinguish and thereby separate the acts, however, does not alone resolve the question of whether verdicts based on those acts can be legally reconciled. The more critical concern is whether the evidence, as presented by either the State or defense counsel, indicates defendant's state of mind varied during the acts, consistent with the State's charge and theory of the case.

■ The testimony here does not permit that conclusion. At most, the above testimony establishes only that a struggle ensued after defendant pointed the pistol and pulled the trigger twice in an unsuccessful attempt to shoot Wilson. Evidence that Wilson engaged defendant in a struggle thereafter cannot, alone, suggest defendant

did not then still possess an intent to kill Wilson. The mere fact that Wilson prevented defendant from accomplishing the end he immediately intended, the only act for which the State formally sought to base a conviction, does not support the conclusion that defendant's mental state varied during the ensuing events. The absence of a basis to infer defendant's mental state varied suggests an attempt by the State, after the fact, to fashion a means to reconcile the two convictions, a practice criticized in *Spears*. The verdicts for attempted murder and reckless conduct cannot be reconciled and are, therefore, legally inconsistent, necessitating remand for retrial as to the offenses committed against Wilson. *People v. Hoffer* (1985), 106 Ill. 2d 186, 478 N.E.2d 335, *cert. denied* (1985), 474 U.S. 847, 88 L. Ed. 2d 114, 106 S. Ct. 139.

Regarding defendant's conviction for the offense against Lewis, defendant complains the trial judge improperly failed to instruct the jury as to the lesser included offense of robbery in addition to instructing the jury on the offense of armed robbery. Defendant argues that although he testified he did not commit the robbery, and although the jury apparently resolved that issue against him, the jury could still have credited defendant's testimony as to the means by which the robbery was committed.

We do not agree.

■ A trial judge abuses his discretion in refusing to instruct a jury only if the refusal results in the jury not being instructed as to the defendant's theory of the case, assuming some evidence exists to justify the instruction. (*People v. Wolfe* (1983), 114 Ill. App. 3d 841, 449 N.E.2d 980.) Here, however, defendant's theory of the case was that someone other than defendant committed the robbery. In light of that theory, we cannot conclude the refusal to permit defendant to instruct the jury as to the offense of robbery can constitute an abuse of discretion. We therefore find no reason to disturb defendant's conviction for the armed robbery of Lewis.

Defendant also argues a new trial is warranted because his *pro se* motion for a new trial, based on ineffective assistance of counsel, was improperly denied without due consideration. To the extent that that argument could justify retrial as to defendant's conviction for the offense against Lewis, we address that contention.

On September 27, 1988, the parties appeared before the trial judge, Judge Boharic, for consideration of post-trial motions and sentencing. Defendant then filed a handwritten motion for a continuance to permit him to contact witnesses and produce matters for purposes of raising issues in mitigation. Addressing Judge Boharic, defendant

then stated he believed he did not receive adequate representation during trial and requested the continuance to research the matter.

The hearing was continued until October 12, 1988.

The record indicates that on that date, defendant presented a second *pro se* motion, seeking a change of venue for sentencing purposes based on prejudice of the trial judge on the grounds that Judge Boharic had sentenced defendant in a previous, unrelated matter in 1985. Judge Boharic promptly transferred the matter for reassignment to have a different judge determine whether he, Judge Boharic, should proceed to consider post-trial matters.

Judge Heyda considered defendant's motion that afternoon and denied the request for a change of venue, declining to consider the issue of ineffectiveness of trial counsel. Judge Heyda instructed defendant to pursue that matter before Judge Boharic if he so desired.

When the parties again appeared before Judge Boharic shortly thereafter, defendant, addressing the court, stated his assertion of ineffectiveness was based on the way counsel selected the jury and counsel's failure to raise "strong issues." There is also allusion in the record to allegations of counsel's unpreparedness at the time trial proceedings commenced.

Judge Boharic determined defendant's allegations were without merit and found that the assistant public defender who represented defendant at trial had represented defendant competently. Accordingly, defendant's motion was denied.

We need not determine here whether defendant's counsel's performance comported with the appropriate standards for considering such motions as set forth by the Supreme Court (see *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052), and as recognized in this State, before reaching a conclusion as to whether defendant was actually prejudiced by the representation. (*People v. Salazar* (1991), 211 Ill. App. 3d 899, 570 N.E.2d 802.) Indeed, we should dispose of the claim on the basis of lack of prejudice if it is easier to do so. *People v. Salazar* (1991), 211 Ill. App. 3d 899, 570 N.E.2d 802.

■ The record does not, in the slightest way, indicate that the grounds asserted by defendant supporting his claim of ineffectiveness of counsel could have caused prejudice. In light of the positive identification of defendant by both victims at trial, we do not understand how defendant's complaints regarding jury selection or the failure to raise other "strong issues" could have resulted in prejudice at all. Further, the record simply does not support an assertion that defendant's counsel was unprepared at the time trial commenced.

Finally, we consider the appropriateness of the terms of defendant's incarceration. Although, on appeal, defendant contends his sentences should not have been ordered to run consecutively, our conclusion that defendant is entitled to a retrial as to offenses committed against Wilson obviates reason to consider that argument because the sentence for attempted murder is necessarily vacated. However, to the extent that the offense of attempted murder may have been weighed in sentencing considerations, we find justice would be served in remanding for consideration as to whether the sentence imposed for the armed robbery of Lewis is nevertheless appropriate in light of reversal of the attempted murder conviction and retrial on that issue. See *People v. Triplett* (1985), 138 Ill. App. 3d 1070, 487 N.E.2d 39.

Reversed in part; affirmed in part; and remanded.

CAMPBELL and BUCKLEY, JJ., concur.